| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

| | |
|---|---|
| **Jeffery A. Jones, Jr.,** | **COMPLAINT WITH JURY DEMAND** |
| Plaintiff, | |
| vs. | Court File No: |
| **City of Minneapolis; and Officer Kyle Mader, in his individual and official capacities,** | Case Type: Other |
| | Judge: |
| Defendants. | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution as well as Minnesota state law against the City of Minneapolis and Officer Kyle Mader, in his individual and official capacities.

## VENUE

2. Venue is proper in this Court pursuant to Minn. Stat. §§ 542.03 and 532.09, in that this cause of action arose in Hennepin County, MN.

## PARTIES

3. Plaintiff Jeffery A. Jones, Jr., was at all material times a resident of the State of Minnesota and of full age.

1

4. The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of Defendant Officer Mader.

5. Defendant Officer Mader was at all times relevant to this complaint duly appointed and acting officer of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

## FACTS

6. On May 24, 2020, Officer Mader was on patrol duty with his partner Officer Christopher Perry. The Officers were in a squad, and Officer Mader was the driver.

7. At approximately 5:30 p.m., the Officers responded to a disturbance call in the area of 805 38th St. E. in Minneapolis. The Officers then drove to the area to locate the disturbance, and Officer Mader was the driver.

8. Upon arrival, the Officers saw what appeared to be an argument and altercation between two men. One of these two men involved in the altercation was Plaintiff Jeffery Jones. Officer Mader proceeded to drive towards the two men in a reckless and dangerous manner, struck Mr. Jones with the squad, drove over Mr. Jones' right foot and ankle, and parked the squad in such a way that Mr. Jones' right foot and ankle were trapped under the front driver's side tire of the squad.

9. Mr. Jones collapsed to the ground, with his right foot and ankle still trapped under the squad tire. The Officers left the squad parked in the same position, with Mr. Jones' right foot and ankle trapped under the front tire, and exited the squad. Because the Officers exited the squad and Mr. Jones' foot was still trapped underneath, Mr. Jones attempted to free his foot from

under the tire. Mr. Jones was ultimately able to slide his right foot out of the shoe and remove his right foot from underneath the squad tire. Mr. Jones' right shoe remained trapped under the weight of the squad.

10. Officer Mader's conduct of driving towards Mr. Jones in a reckless and dangerous manner, striking Mr. Jones with the squad, and parking the squad tire directly over Mr. Jones' right foot and ankle constitutes excessive use of force and impermissible use of deadly force.

11. As a result of Officer Mader's unnecessary and excessive use of force, Mr. Jones suffered physical pain and trauma; an injury to his right foot and ankle; emotional trauma, anguish, and distress; stress, fear, shame, humiliation, and embarrassment; diminished quality and enjoyment of life; medical expenses; and lost wages. Ms. Jones seeks recovery of reasonable damages in an amount greater than $50,000.00.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST OFFICER MADER

12. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

13. Based on the above factual allegations, Defendant Officer Mader, through his actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when he struck Plaintiff with his squad, drove over Plaintiff's right foot, and parked the squad over Plaintiff's right foot, all without justification.

14. Officer Mader's conduct, as described above, constitutes unjustified use of deadly force.

15. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

## COUNT 2: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

16. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

17. Based on the above factual allegations, the Defendants battered Plaintiff. Specifically, Officer Mader engaged in intentional, offensive, and unpermitted contact with Plaintiff when he struck Plaintiff with his squad, drove over Plaintiff's right foot, and parked the squad over Plaintiff's right foot, all without justification.

18. Defendant City of Minneapolis is vicariously liable to Plaintiff for Defendant Officer Mader's battery.

19. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

## COUNT 3: NEGLIGENCE AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

20. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

21. Based on the above factual allegations, Defendant Officer Mader owed Plaintiff a duty and standard of care to drive his squad in a safe and cautious manner and to avoid striking Plaintiff with his squad. Officer Mader breached this duty and standard of care when he struck Plaintiff with his squad, drove over Plaintiff's right foot, and parked the squad over Plaintiff's right foot, all without justification. Defendant Officer Mader's conduct violated the Minneapolis Police Policies and Procedures.

22. Defendant City of Minneapolis is vicariously liable to Plaintiff for Defendant Officer Mader's negligence.

23. As a direct and proximate result of this negligence, Plaintiffs suffered damages as aforesaid.

## **RELIEF REQUESTED**

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants on all counts set forth above;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against Defendant Officer Mader as to Count 1 of this Complaint pursuant to *Smith v. Wade*, 461 U.S. 30 (1983);

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: September 2, 2021

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com